

CLERKS OFFICE
CIVIL DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO. 18-10389

DIVISION " "

**D**

**ACADEMY PLACE., LLC  ET. AL.**

**SECTION 12**

**VERSUS**

**FIRST NBC BANK, FEDERAL DEPOSIT INSURANCE CORPORATION, AS
RECEIVER FOR FIRST NBC BANK, SUMMIT INVESTMENT MANAGEMENT LLC,
GREGORY ST. ANGELO, ASHTON RYAN, AND SBN V FNBC LLC**



CHELSEY RICHARD NAPOLEON
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504 - 407 - 0000

FILED: _____

**DEPUTY CLERK**

10/15/2018 4:11:00 PM

Receipt Date
Receipt Number      722116
Cashier                    ehankston
                              Cash Register 1

### PETITION FOR
### DECLARATORY JUDGMENT AND DAMAGES

Case Number     2018 -10389
Grand Total         $819.50

Plaintiffs, Academy Place, LLC et al., as listed herein, by and through undersigned

Amount Due for Service $ 0.00
Balance Due          $ 0.00

counsel, respectfully submit this First Amended Complaint for Declaratory Judgment and

Over Payment      $ 0.00

Damages against the Defendants identified below:

Payment / Transaction List
Check  #  1091  $819.50

PARTIES

1.

Made Petitioners herein are:

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Petition for Declaratory Judgment | $444.50 | $444.50 | $0.00 |
| Fax Fees | $32.50 | $32.50 | $0.00 |
| Postal Fees | $0.50 | $0.50 | $0.00 |
| Building Fund Fee | $25.00 | $25.00 | $0.00 |
| Judgement Legal Fee | $10.00 | $10.00 | $0.00 |
| JSC | $25.00 | $25.00 | $0.00 |
| Additional Defendant | $141.00 | $141.00 | $0.00 |
| Additional Defendant | $141.00 | $141.00 | $0.00 |

(a) Academy Place, LLC., a Louisiana limited liability company with its registered office

in the Parish of Jefferson, State of Louisiana ("Petitioner Borrower");

(b) Patrick T. Bossetta, Sr., a person of full age of majority and a resident of and

domiciled in the Parish of Jefferson, State of Louisiana; Jean Bossetta, the wife of

Patrick Bossetta, a person of full age of majority and a resident of and domiciled in

the Parish of Jefferson ("Petitioner Guarantors");

2.

Made Defendants herein are:

(a)  Federal Deposit Insurance Corporation ("FDIC"), a government corporation

organized pursuant to 12 U.S.C. § 1811, and is the duly appointed and serving receiver

for First NBC Bank;

1

(b) Summit Investment Management LLC, a private investment company organized under the laws of Colorado and headquartered in Denver, Colorado;

(c) Ashton Ryan, a person of full age of majority and a resident of and domiciled in the Parish of Jefferson, State of Louisiana;

(d) Gregory St. Angelo, a person of full age of majority and a resident of and domiciled in the Parish of St. Tammany

(d) First NBC Bank Holding company d/b/a First NBC Bank, a federally chartered bank having offices and branches located in this Parish; and

(e) SBN V FNBC LLC, a limited liability corporation organized under the laws of Delaware.

VENUE

3.

Venue is proper in this Court pursuant to La. C.C.P. art. 42. Furthermore, venue is proper in this Court pursuant to La. C.C.P. art. 74, as certain immovable property at issue is situated in Orleans Parish.

STATEMENT OF FACTS

4.

Petitioner Borrower operated a real estate investment/management company in Louisiana, Academy Place, LLC, managed by Patrick T. Bossetta.

5.

Beginning in or about 2007 and through 2016, First NBC Bank made a series of real estate transactions to Petitioner Borrower to help remove distressed properties from its books. First NBC offered to "sell" a series of distressed properties owned by First NBC to Petitioner/Borrower. Petitioner/Borrower was required to take a mortgage on each property from First NBC.

6.

First NBC sold these properties to Petitioner/Borrower at an inflated price. He was to then take additional loans from First NBC to rehabilitate the properties. First NBC made it a practice of unloading all REO properties on Mr. Bossetta.

7.

Mr. Bossetta lacked the requisite skill and management ability to manage several projects at once.  As the equity in his properties was being exhausted by the additional loans, First NBC continued to loan money to Petitioner/Borrower, until it reached a 223% loan to value.

8.

First NBC Bank president Ashton Ryan and Gregory St. Angelo repeatedly extended loans to Petitioner Borrower even though he was aware that the operation was in danger of defaulting on existing loans, and that it in fact needed these additional loans to pay the principal and interest on existing loans made by Defendants. First NBC Bank and Ashton Ryan made these additional loans in order to artificially keep Petitioner Borrowers' loans "current" by continuing to advance funds to pay itself interest as loan payments became due. Some of these loans were secured by personal guarantees from the Petitioner Guarantors.

8.

Specifically, the immovable properties purportedly securing the loans are as follows:

(a) Municipal No. 1205 Chimneywood, New Orleans, LA

(b) Municipal No. 1208 Chimneywood, New Orleans, LA

(c) Municipal No. 1306 Chimneywood, New Orleans, LA

(d) Municipal No. 1502 Chimneywood, New Orleans, LA

(e) Municipal No. 1504 Chimneywood, New Orleans, LA

(f) Municipal No. 1607 Chimneywood, New Orleans, LA

(g) Municipal No. 1702 Chimneywood, New Orleans, LA

(h) Municipal No. 1804 Mandeville, New Orleans, LA

(i) Municipal No. 1829 Mandeville, New Orleans, LA

(j) Municipal No. 1834 Mandeville, New Orleans, LA

(k) Municipal No. 2721 Clouet, New Orleans, LA

(l) Municipal No. 2732 Clouet, New Orleans, LA

(m) Municipal No. 2738 Clouet, New Orleans, LA

(n) Municipal No. 2745 Clouet, New Orleans, LA

(o) Municipal No. 2832 Clouet, New Orleans, LA

(p) Municipal No. 3122, Clouet, New Orleans, LA

(q) Municipal No. 3859 Metropolitan, New Orleans, LA

(r) Municipal No. 3613 Metropolitan, New Orleans, LA

(s) Municipal No. 2606 Bienville, New Orleans, LA

(t) Municipal No. 2608-10 Bienville, New Orleans, LA

(u) Municipal No. 2825 Louisiana, New Orleans, LA

(v) Municipal No. 2557-59 N. Glavez, New Orleans, LA

(w) Municipal No. 2236-38 Mandeville & 2260-62 N. Tonti, New Orleans, LA

(x) Municipal No. 3056 N. Miro St., New Orleans, LA

(y) Municipal No. 2538 Flood St, New Orleans, LA

(z) Municipal No. 4734 Arthur St, New Orleans, LA

(aa)   Municipal No. 2105 Iberville St, New Orleans, LA

(bb)   Municipal No. 1406 Elysian Fields, New Orleans, LA

(cc)   Municipal No. 1401 Chimneywood, New Orleans, LA

(dd)   Municipal No. 1708 Chimneywood, New Orleans, LA

(ee)   Municipal No. 2433-35 St. Roch, New Orleans, LA

(ff)   Municipal No. 2322-24 Chippewa, New Orleans, LA

(gg)   Municipal No. 1905 Hickory Ave, Harahan, LA

(hh)   Municipal No. 3715 Williams Blvd, Kenner, LA

9.

Ashton Ryan and Greg St. Angelo made loans to Petitioner Borrower, secured by personal guarantees from the Petitioner Guarantors, in order to pay the principal and interest of Petitioner Borrower's previous loans. He took these actions on his own, without informing Petitioner Guarantors of the true state of these loans, in order to fraudulently improve the books of First NBC Bank.

10.

Ashton Ryan and Greg St. Angelo was at times acting outside the scope of their role at First NBC Bank, and took actions which were outside the practices and policies of First NBC Bank for their own self-benefit and enrichment.

11.

Petitioners – in particular Patrick T. Bossetta – had a relationship of faith and trust with Ashton Ryan and Greg St. Angelo, and was in a position of inequality, dependence, weakness, and lack of knowledge in their dealings with First NBC Bank. Furthermore, Ashton Ryan and First NBC Bank exercised dominion, control and/or influence over Petitioners' affairs.

12.

The manner in which Defendants extended credit to the Petitioners and continued to advise the Petitioners about their business, assets, and financial situation directly benefited First NBC Bank and Ashton Ryan at the expense of Petitioners' financial health.

13.

First NBC Bank and Ashton Ryan loaned Petitioner Borrower more than the corporation had in assets, while misrepresenting to Petitioner Guarantors that there was sufficient collateral to back the entire cumulative loan balance. In fact, Mr. Ryan and First NBC Bank were in possession of documents showing the collateral was worth only $6 million, while Mr. Ryan continued to assure the Petitioner Guarantors, that the assets were sufficient for the corporation to pay back the $14 million balance.

14.

Ashton Ryan made promises to Petitioner Guarantors regarding the value of the assets, that First NBC sold to Petitioner Borrowers in order to secure these additional loans, which he knew were necessary to keep Petitioners' existing First NBC Bank loans from defaulting. First NBC Bank and Ashton Ryan represented to Patrick T. Bossetta that these loans passed each time they were inspected by regulators, in order to keep the Guarantors' confidence and conceal the true state of Petitioner Borrower's finances.

15.

At least twenty-three (23) such loans were made by First NBC Bank to Petitioner Borrowers from 2007 to 2016.

16.

Petitioner Guarantors would not have personally guaranteed loans for which Petitioner Borrower had insufficient assets to cover had Defendants not made misrepresentations to them.

17.

These loans were marked as performing by the FDIC right up until the day before First NBC Bank collapsed. On or about April 28, 2017, the FDIC seized the assets of First NBC Bank, including Petitioners' loan agreements referenced herein.

18.

The actions of First NBC Bank and Ashton Ryan have injured the Petitioners. Petitioner Guarantors would not have agreed to personally guarantee these loans given accurate information by the bank. Petitioner Borrowers are now insolvent as a result of Defendants' actions.

19.

In October 2017, the loans at issue were purchased by Summit Investment Management, LLC, and SBN V FNBC LLC made defendants herein.

## STATEMENT OF CLAIMS

FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT PURSUANT TO LA. C.C.P. ART. 1871, *ET. SEQ.*

20.

Petitioners reaver paragraphs 1-19 and further state that:

21.

The Petitioner Guarantors are sufficiently interested persons under the contracts forming these loans, and their rights are affected by these contracts. Therefore, Petitioner Guarantors seek a determination of the validity of their personal guarantees arising under these contracts. Petitioner Guarantors have been harmed by First NBC Bank's and Ashton Ryan's wrongful and

fraudulent actions, and are entitled to a judgment declaring that their personal guarantees are vitiated as a matter of law.

22.

The Petitioner Borrowers are sufficiently interested persons under the contracts forming these loans, and their rights are affected by these contracts. Petitioner Borrowers have been harmed by First NBC Bank's and Ashton Ryan's wrongful and fraudulent actions, and are entitled to damages caused by Defendants' actions.

23.

Petitioners assert that the FDIC, Summit Investment Management and SBN V FNBC LLC, and any subsequent purchasers of these loan documents should be bound by any declaration made by this Honorable Court pursuant to La. C.C.P. arts. 641 and 1880.

SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

24.

Petitioners reaver paragraphs 1-19 and further state that:

25.

There existed a fiduciary relationship between Petitioners and Defendants. The borrower-lender relationship between the parties went past a normal arm's length relationship, as Ashton Ryan stepped into an advisory role in his relationship with Petitioners and Patrick T. Bossetta in particular. Defendants' actions as set forth hereinabove constituted a breach of their fiduciary duty. As a result of Defendants' breach, Petitioners have suffered financial injury and emotional distress.

26.

Petitioners are entitled to the judicial dissolution of their personal guarantees as well as damages for breach of fiduciary duty and all other relief as the Court may deem just.

THIRD CAUSE OF ACTION: RESCISSION BECAUSE OF FRAUD

27.

Petitioners paragraphs 1-19 and further state that:

28.

Defendants suppressed and omitted that additional loans were being used to pay the principal and interest on previous loans. Furthermore, Defendants misrepresented that Petitioner Borrower had sufficient assets to cover the loans which Petitioner Guarantors personally guaranteed. Defendants pursued these actions in order to obtain an unjust advantage at the expense of Petitioner Guarantors.

29.

Petitioner Guarantors are entitled to a declaratory judgment finding all contracts granting their personal guaranties to be null and void *ab initio*. In addition, Petitioners are entitled to damages and attorney fees incurred as a result of Defendants' fraudulent misrepresentations.

FOURTH CAUSE OF ACTION: RESCISSION BECAUSE OF ERROR

30.

Petitioners reaver paragraphs 1-20 and further state that:

31.

Petitioner Guarantors erred in believing that Petitioner Borrower had sufficient assets to cover the loans and that First NBC Bank was not simply extending additional loans in order to pay the principal and interest of Petitioner Borrower's previous loans. This cause was known to Defendants, and without this cause, Petitioner Guarantors would not have executed personal guarantees for these loans.

32.

Petitioner Guarantors are entitled to a declaratory judgment finding their personal guarantees to be null and void *ab initio*. In addition, Petitioners are entitled to reasonable compensation for the losses they sustained, including damages and attorney fees.

FIFTH CAUSE OF ACTION: VIOLATION OF THE LOUISIANA UNFAIR TRADE PRACTICES ACT

33.

Petitioners reaver paragraphs 1-19 and further state that:

34.

Defendants First NBC Bank and Ashton Ryan engaged in fraud, deceit, misrepresentation, and/or other unethical conduct by unilaterally extending to Petitioner

Borrower loans that exceeded the Borrower's assets, while misrepresenting to Petitioner Guarantors that there was sufficient collateral to back the entire cumulative loan balance.

35.

Defendants Summit Investment Management LLC and SBN V FNBC LLC engaged in unethical conduct and unfair trade practices by purchasing loans created through the fraudulent conduct described herein, and attempting to collect on these loans from Petitioner Guarantors, many of whom are elderly.

36.

Defendants intentionally, egregiously, and improperly created and attempted to collect on these loans in violations of the Louisiana Unfair Trade Practices Act ("LUTPA").

37.

Defendants' actions violate public policy, including but not limited to the public policy to contract in good faith.

38.

As a result of Defendants' unfair trade practices, Petitioners have sustained significant damages. Under LUTPA, Petitioners are entitled to three times the damages sustained, as well as attorneys' fees and costs.

SIXTH CAUSE OF ACTION: RESCISSION AND DAMAGES BASED ON THE USE OF FRAUDULENT DOCUMENTATION VIA "ROBO-SIGNING"

39.

Petitioners reaver paragraphs 1-19 and further state that:

42.

Defendants have engaged in the creation and use of fraudulent documentation in the loan process via "robo-signing." Upon information and belief, Defendants are not in possession of the original loan documents and cannot prove the amount of the purported loans.

43.

Petitioners are entitled to a declaratory judgment finding their purported debt to Defendants invalid, unsupported, and unenforceable. In addition, Petitioners are entitled to reasonable compensation for the losses they sustained, including damages and attorney fees.

**WHEREFORE**, Petitioners pray that after all due proceedings, judgment be rendered in favor of Petitioners and against Defendants declaring Petitioner Guarantors' personal guarantees to be vitiated. In addition, Petitioners pray that judgment be rendered declaring Academy Place's purported debt to Defendants to be invalid, unsupported, unenforceable, and vitiated. Furthermore, Petitioners pray they be awarded damages, attorney fees, and all costs together with legal interest thereon from the date of judicial demand until paid, and for all general and equitable relief. Petitioners reserve the right to amend this petition as additional information is discovered. Petitioners further reserve the right to amend this petition to request equitable relief of mandatory and prohibitive injunctions, in the event that Defendants attempt to seize those immovable properties listed hereinabove purportedly securing the debt debt and/or attempt to take other collection actions.

Respectfully submitted,

CRAIG J. MORDOCK (#27014)
Mordock Barber, LLC
7611 Maple Street, Suite A-3
New Orleans, Louisiana 70118
Office: 504-304-2335
Fax: 504-407-2101
E-mail: jackie@mordockbarber.com
ATTORNEYS FOR PETITIONERS

PLEASE SERVE:

First NBC Bank
*Through its Registered Agent*
Laurence Blake Jones
701 Poydras St., Suite 4100
New Orleans, LA 70139

Federal Deposit Insurance Corporation
*Through its Regional Registered Agent*
Victor T. Ingraham
555 Hilton Ave., Suite 300
Baton Rouge, LA 70808

Summit Investment Management LLC
*Through its Registered Agent*
Charles J. Burger
1700 Lincoln St., Suite 2150
Denver, CO 80203

Ashton Ryan
151 Chateau Saint Michel Drive
Kenner, LA 70065

SBN V FNBC LLC
*Through its Registered Agent*
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Gregory St. Angelo
10 Tupelo Trace
Mandeville, LA 70471

**VERIFICATION**

I am the Plaintiff in the above-entitled matter. I have read the foregoing petition for damages and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on October 13, 2018

I declare under penalty of perjury that the foregoing is true and correct.

Patrick T. Bossetta