UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ACADEMY PLACE, LLC, ET AL. | ) | CIVIL ACTION NO. 18-10881 |
| | ) | |
| VERSUS | ) | JUDGE SUSIE MORGAN |
| | ) | |
| FIRST NBC BANK, ET AL | ) | MAGISTRATE JUDGE |
| | ) | DANIEL E. KNOWLES, III |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF
<u>ASHTON RYAN'S MOTION TO STAY ACTION</u>**

<u>STATEMENT OF THE CASE</u>

This is a case in which plaintiffs, Academy Place, L.L.C. ("Academy"), Patrick C. Bossetta, Sr., and Jean Bossetta ("the Bossettas") assert claims based on an alleged breach of fiduciary duty, rescission because of fraud, rescission because of error, violation of the Louisiana Fair Trade Practices Act, and rescission and damages based on fraudulent documentation via "robo-signing". Made defendants are the Federal Deposit Insurance Corporation ("FDIC"), the receiver for the FNBC Bank, Summit Investment Management, L.L.C. ("Summit"), Ashton Ryan ("Ryan"), Gregory St. Angelo ("St. Angelo"), First NBC Bank Holding Company d/b/a First NBC Bank ("FNBC"), and SBN V FNBC, L.L.C. ("SBN").

The petition alleges that FNBC made a series of real estate transactions that involved the sale of several distressed properties that were held on the books of FNBC to Academy, who in turn granted mortgages on the properties to FNBC. According to the Petition, FNBC sold these properties to Academy at inflated prices. (Petition, Pars. 5 and 6). The Petition also alleges that

1

"First NBC President Ashton Ryan" and St. Angelo made additional loans on the properties, now owned by Academy, that exceeded the value of the properties. (Par. 7). According to the Petition, these loans were made to pay principal and interest on the initial loans made to Academy and to keep the loans "current "on the books of FNBC. Some of these loans were guaranteed by the Bossettas. (Par. 8.)

The petition also alleges that Ashton Ryan and FNBC exercised dominion, control and/or influence over the petitioners' affairs. (Petition Par. 11), and that the manner in which the defendants extended credit to the petitioners and continued to advise the petitioners about their business, assets, financial situation directly benefited FNBC and Ryan at the expense of the petitioners' financial health. (Petition Par. 12).

The petition alleges that the loans were marked as performing by the FDIC right up until the day before FNBC collapsed, that on or about April 28. 2017, the FDIC seized the assets of First NBC Bank, including petitioners' loan agreements, and, that in October 2017, the loans at issue were purchased by Summit and SBN. (Petition Pars. 17 and 19).

At all times during the alleged transactions up until the date on which the FDIC seized the assets of FNBC, Ryan held the position of President and CEO of the FNBC.

The United States Attorney's Office for the Eastern District of Louisiana is conducting a pending, ongoing and active grand jury investigation of FNBC and the activities of Ryan while President and CEO of the bank. The federal grand jury is examining activities of the FNBC and Ryan, including the kind of practices that have been alleged in the Petition filed herein. Such

activities are inextricably intertwined with petitioners and their claims, as well as Ryan's defenses to such claims in this action.

At the core of this motion to stay are Ryan's fundamental constitutional rights against self-incrimination guaranteed under the Fifth Amendment to the United States Constitution. The risk of self-incrimination is real and immediate. If this civil litigation against Ryan, and the other defendants, is allowed to proceed at the same time as the grand jury investigation, Ryan will be forced to choose between exercising his rights under the Fifth Amendment and exposing himself to the plaintiffs' contention that the failure to testify in a deposition or at trial constitutes an adverse inference against him and in favor of the plaintiffs. It is neither proper nor necessary for Ryan to be forced to sacrifice his constitutional safe guards in order to defend against a civil lawsuit seeking monetary damages. As a result, a stay of this action as to Ryan is warranted during the pending grand jury investigation.

Ryan was the President and CEO of FNBC. Although FNBC cannot claim a Fifth Amendment privilege for itself, the pursuit of a claim against FNBC, and its successors in interest, the FDIC, Summit, and SBN, will necessarily involve the calling of Ryan to testify as to the involvement of FNBC in this civil matter. Calling Ryan to so testify as to the actions of FNBC, will raise the same Fifth Amendment issues which would be raised by calling him to testify on his own behalf. The same reasoning applies to St. Angelo. Calling Ryan to so testify as to the actions St. Angelo, will raise the same Fifth Amendment issues which would be raised by calling him to

3

testify on his own behalf Consequently, a stay staying this action as to FNBC, the FDIC, Summit, and SBN, and St. Angelo, is also warranted.

## LAW AND ARGUMENT

### I.  The Court has the Authority to Grant a Stay in a Pending Civil Action

In the federal system, a court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Billiot v. Beavers*, 2015 WL 4397108, *1 (E.D. La. July 13, 2015).  This authority encompasses a district court's wide discretion to grant a stay in a pending matter. *Landis v. N. Am. Co.,* 299 U.S. 248,254 (1936); *In re Ramu Corp.,* 903 F.2d 312,318 (5th Cir. 1990). Under this inherent authority, a federal district court may stay a civil proceeding during the pendency of a parallel criminal proceeding, *SEC v. First Fin. Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981), and may sometimes stay a civil action "until the criminal case or the likelihood of a criminal case is ended." *Deleon v. City of Corpus Christi,* 488 F.3d 649, 655 (5th Cir. 2007) (citation omitted). Such a stay a stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination." *Brumfield v. Shelton,* 727 F.Supp. 282, 284 (E.D. La. 1989) (citation omitted).

Although the Fifth Circuit has determined that a stay may be warranted where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice, courts within the Fifth Circuit have looked to six factors to determine whether the civil action should be stayed. *First Fin. Grp.,* 659 F.2d at 668; *LeBouef v. Global X-Ray*

4

*and Testing Corp.,* 2008 WL 239752 (E.D. La. Jan. 29, 2008) ("To determine whether special circumstances exist, the court must balance the competing constitutional and procedural interests of the parties, as illustrated through the six-factor test . . . ." (citation and internal quotations omitted)). These factors are:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4. The private interests and burden on the defendant;

5. The interests of the courts; and

6. The public interest.

*LeBouef,* 2008 WL 239752, *1.

## II.   **A Complete Stay of this Matter Is Warranted.**

Applying these six factors demonstrates that a complete stay is warranted in this case during the pending grand jury investigation.

### A.   **The conduct that is the subject of the pending criminal investigation is inextricably intertwined with plaintiff's and its claims, as well as defendant's defenses to such claims in this action.**

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay. *US. v. ATP Oil & Gas Corp.,* 2013 WL 6184991, *3 (E.D. La. Nov.

5

26, 2013). In determining whether issues in civil and criminal cases are related, courts impose a "common-sense, fact-bound analysis." *In re Ramu Corp.,* 903 F.2d at 319.

This current federal grand jury investigation is inextricably intertwined with the plaintiffs' claims and defendant Ryan's defenses to such claims in this action. In this civil action, the plaintiff alleges that Ryan and St. Angelo illegally encouraged and assisted Academy in acquiring properties from FNBC and mortgaging the same properties to FNBC, all at inflated values; and, to continue to re-finance the loans on these properties with FNBC, all to the detriment of Academy and its guarantors, the Bossettas. Possible violations of state and federal statutes, rules, and regulations involving such allegations are the subject of the current federal grand jury investigation.

In addition, it is anticipated that many of the witnesses, including Ryan, who will be questioned in connection with the grand jury investigation and any ensuing criminal indictment, will be the same as the witnesses in this civil matter. *See, Southeast Recovery Group, LLC v. BP America, Inc.,* 278 F.R.D. 162, 168 (E.D. La. 2012).

Considering the overlapping issues in the civil and criminal matter, the first factor weighs in favor of a stay.

**B.**   **The criminal investigation is active.**

Even when there are not yet criminal charges filed, "this fact does not militate against [the] granting [of] a stay …." *SEC v. Offill,* 2008 WL 958072, *3 (N. D. Tex. Apr. 9, 2008). No formal charges have yet been filed against any defendant. Nevertheless, the federal grand

6

jury investigation is quite active. *See Waste Management of Louisiana, LLC v. River Birch, Inc.,* 2012 WL 520660, *4 (E.D. La. Feb. 15, 2012). Further, considering the pending criminal investigation, staying the civil action and its attendant discovery prevents the risk that Ryan as a defendant would expose his criminal defense strategy in the civil discovery process. *See Doe v. Morris,* 2012 WL 359315, *2 (E.D. La. Feb. 2, 2012). Accordingly, the second factor - the status of the criminal case - also weighs in favor of a stay.

### C. Plaintiffs will not be unduly prejudiced by a stay.

With regard to the burden on plaintiffs resulting from a stay, the courts require more prejudice than "simply a delay in his right to expeditiously pursue his claim." *Whitney Nat'l. Bank v. Air Ambulance By B& C Flight Mgmt., Inc.,* 2007 WL 1468417, *3 (S.D. Tex. May 18, 2007). Here, the plaintiff will not be unduly prejudiced by a stay of the civil lawsuit because they will still be entitled to pursue all of its claims upon resolution of the grand jury investigation and any subsequent criminal proceedings.

The third factor - the private interests of the plaintiffs and the prejudice caused by the delay - weighs in defendant's favor.

### D. Defendant will be significantly burdened if a stay is not granted.

If this Court does not provide appropriate relief through entry of a stay, Ryan will be forced to choose between his civil discovery obligations and his ability to assert his Fifth Amendment privilege against self-incrimination. Although Ryan has yet to be indicted, the grand jury investigation is active. Accordingly, a real risk of self-incrimination exists if

Ryan is forced to defend himself and his activities involving the FNBC in the instant civil lawsuit.

In addition, the other defendants would likely be unable to fulfill their civil discovery obligations without the benefit of testimony from Ryan should he choose to exercise his Fifth Amendment rights. As previously stated, Ryan acted as President and CEO of FNBC. It is also alleged that he acted in concert with St. Angelo. Without his testimony, FNBC, and its successors in interest, the FDIC, Summit, and SBN, and St. Angelo would be left with no way to defend themselves at all. If a stay is not granted, Ryan and the other defendants would be left with no real way to defend themselves, short of Ryan foregoing his Fifth Amendment rights. *See Waste Management of Louisiana,* 2012 WL 520660, *5.

The fourth factor - the private interests of and burden on defendant - weighs strongly in favor of a stay.

### E. The Court has an interest in a stay.

Defendant recognize that this "Court has interests in judicial economy and expediency." *Doe,* 2012 WL 359315, *2. However, granting a stay may serve those interests because "conducting the criminal proceedings first advances judicial economy." *Offill,* 2008 WL 958072, *3. The pending grand jury investigation may contribute to the more efficient preparation of this civil case. The demands of this case on the resources of this Court,

8

therefore, may very well be reduced by the completion of the grand jury investigation. Accordingly, the fifth factor - the interests of the Court- weighs in favor of a stay.

### F. The public has an interest in a stay.

The Fifth Circuit has recognized that the public interest in law enforcement efforts through criminal investigation and prosecution of alleged wrongdoing is substantial:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). In addition, although Ryan recognizes that the public has an interest in resolution of civil cases, granting a stay delays resolution of the civil matter only temporarily. See *Agueros v. Vargas*, 2008 WL 2937972, *2 (W.D. Tex. July 21, 2008). As a result, the final factor - the interests of the public - weighs in favor of a stay.

## CONCLUSION

In summary, this case should be stayed in its entirety during the pending grand jury investigation and any possible criminal prosecution. All six factors considered by the federal courts in determining whether a stay is warranted, which factors provide strong persuasive authority, militate in favor of a stay in this case. To the extent this Court is concerned with the uncertain duration of any stay, such concern may be tempered with periodic updates from

9

defendant about the status of the criminal investigation, including any indictments or other significant developments. If at any point it appears that the grand jury investigation is not proceeding, and a criminal case will not be forthcoming, defendant will advise the Court of that fact as well.

For all these reasons, defendant Ryan's motion for stay of civil proceedings should be granted.

          Respectfully submitted,

          **CRULL, CASTAING & LILLY**

BY: */s/ Edward J. Lilly* _____
     EDWARD J. CASTAING, JR. (4022)
     EDWARD J. LILLY (8571)
     2323 Pan-American Life Center
     601 Poydras Street
     New Orleans, LA 70130
     Tel. (504) 581-7700
     Fax (504) 581-5523
     ecastaing@cclhlaw.com
     elilly@cclhlaw.com

## C E R T I F I C A T E

I hereby certify that on this 20th day of March, 2019, a copy of the foregoing pleading has been served upon all counsel of record by notice of electronic filing generated through the CM/ECF system, and/or by United States mail, facsimile, or e-mail for those counsel or parties who are not participants in the CM/ECF system.

          */s/ Edward J. Lilly*_____
          Edward J. Lilly