# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ACADEMY PLACE, LLC, ET AL.** | * | **CASE NO. 2:18-CV-10881** |
| | * | |
| *Plaintiffs,* | * | **SECTION E; DIVISION 3** |
| | * | |
| **VERSUS** | * | **JUDGE SUSIE MORGAN** |
| | * | |
| **FIRST NBC BANK, ET AL.** | * | **MAGISTRATE JUDGE DANA DOUGLAS** |
| | * | |
| *Defendants.* | * | |
| | * | |

**************************************************************************

## MEMORANDUM IN OPPOSITION TO ASHTON RYAN'S MOTION TO STAY

Defendants, SBN V FNBC, LLC ("SBN") and Summit Investment Management, LLC ("Summit") (collectively, the "SBN Defendants"), respectfully submit this opposition to the *Motion to Stay* [Doc. 24], filed by defendant, Ashton Ryan.

This case is not the only pending litigation between Academy Place, LLC ("Borrower"), Patrick T. Bossetta, Sr. ("Mr. Bossetta"), Jean Bossetta ("Mrs. Bossetta," together, with Mr. Bossetta, the "Guarantors") (collectively, "Plaintiffs") and SBN.  SBN is a plaintiff in a debt collection lawsuit currently pending against Plaintiffs in state court, to which suit Mr. Ryan is not a party.  Plaintiffs have filed a motion to stay and exception of *lis pendens* in the state court lawsuit, requesting that the Louisiana district court stay the state court case pending the resolution of the above-captioned suit.[1]  If this Court stays this case as a result of Mr. Ryan's alleged criminal activities (for which he has not been indicted), and the state court stays the state court case because of the pending federal proceeding, SBN will be unjustly delayed from asserting its legal,

---

[1]     *See **Exhibit A***, Exception of Lis Pendens and, in the Alternative, Motion to Stay, filed by Plaintiffs and 2325 Hullen Properties, LLC in the State Court Lawsuit, dated February 25, 2019.  The State Court Lawsuit was filed on December 6, 2018.

contractual, and constitutional rights against Plaintiffs in either tribunal.

"[T]he complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an 'extraordinary remedy.'" *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009). Courts are reluctant to utilize so drastic and extraordinary of a remedy, particularly where the movant is not even under indictment. *See, e.g.*, *LeBouef v. Global X-Ray*, 07-5755, 2008 WL 239752 (E.D. La. Jan. 29, 2008) (Barbier, J.) (denying motion to stay civil case); *Modern Am. Recycling Svcs., Inc. v. Dunavant*, 10-3153, 2012 WL 1357720 (E.D. La. Apr. 19, 2012) (Brown, J.) (same); *Lodge v. Boyd*, 11-1257, 2011 WL 4727863 (E.D. La. Oct. 6, 2011) (Barbier, J.) (same); *Zuppardo v. Service Cab Co., Inc.*, 16-1914, 2017 WL 877318 (E.D. La. Mar. 6, 2017) (same).

As set forth below, Mr. Ryan has not carried his burden of demonstrating his entitlement to the extraordinary relief he requests. The SBN Defendants respectfully request that the Court deny Mr. Ryan's request for a stay. In the alternative, the SBN Defendants request that the Court defer ruling on Mr. Ryan's Motion at least until the Court has ruled on SBN's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim [Doc. 22].

## I.    Factual Background

Plaintiffs alleged that they took out several loans from defendant, First NBC Bank ("FNBC"), for the purpose of purchasing certain parcels of real estate from FNBC and/or rehabilitating same.[2] Plaintiffs allege that Borrower took out numerous new loans from FNBC despite the fact that Borrower was, at the time, already in danger of defaulting on existing loans.[3] Borrower allegedly took these loans for the purpose of keeping Borrower's payments current on

---

[2]      *See* Pls.' Pet. for Declaratory Judgment and Damages [Doc. 1-3], at ¶¶5-6.

[3]      *Id.*

the preexisting loans.[4]  Some or all of Borrower's loans were secured by personal guarantees by the Guarantors, Mr. and Mrs. Bossetta.[5]

On April 28, 2017, FNBC failed, and the Federal Deposit Insurance Corporation ("FDIC") took over management of the assets of FNBC.[6]  In October 2018, Plaintiffs filed this suit (the "Federal Lawsuit") against FNBC; the FDIC, in its capacity as receiver for FNBC; and former FNBC employees Ashton Ryan and Greg St. Angelo.  Plaintiffs allege that Mr. Ryan withheld information from the Plaintiffs, and provided Plaintiffs with various oral assurances regarding Plaintiffs' loans.[7]  The Guarantors assert that they would not have guaranteed Borrower's indebtedness to FNBC but for Mr. Ryan and Mr. St. Angelo's alleged oral assurances.[8]

Plaintiffs have also asserted claims herein against Summit and SBN, alleging that, in October 2017, Summit and SBN purchased Borrowers' loans from the FDIC.[9]  This is literally Plaintiffs' only allegation against the SBN Defendants.  On March 20, 2019, the SBN Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Motion to Dismiss for Failure to State a Claim [Doc. 22], which Motions and memoranda in support the Summit Defendants adopt and incorporate herein *in extenso*.

On March 20, 2019, Mr. Ryan filed a Motion to Stay [Doc. 24], asserting that this proceeding should be stayed until all of his potential criminal liability has subsided.  The SBN

---

[4]     *Id.* at ¶ 8.

[5]     *Id.*

[6]     *Id.* at ¶ 17.

[7]     *Id.* at ¶ 14.

[8]     *Id.* at ¶¶ 16, 18.

[9]     *Id.* at ¶¶ 19, 35.

Defendants oppose and object to Mr. Ryan's Motion as it will delay dismissal of the claims against SBN and threatens to delay SBN's enforcement of it rights and interests without legal basis.

## II.   <u>Law and Argument</u>

"It is not altogether uncommon that a defendant will find himself or herself facing separate civil and criminal prosecution stemming from the same transaction or occurrence." *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009). "However, the Supreme Court has established that there exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously." *Id.* (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981) (citing *United States v. Kordel*, 397 U.S. 1, 11 (1970))). Accordingly, "whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather, one of court discretion, that should be exercised when the interests of justice so require." *Id.* (citations omitted). The Fifth Circuit has held that, "[e]ven discretionary stays . . . will be reversed when they are 'immoderate or of an indefinite duration.'" *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

Because of the frequency with which parallel civil and criminal litigation occurs, and because of the built-in procedural protections provided by the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, courts seldom grant stay requests in civil litigation. Indeed, "it is the rule, rather than the exception, that civil and criminal cases proceed together." *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d at 397. "And the complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an 'extraordinary remedy.'" *Id.* (citations omitted). Courts in the Eastern District of Louisiana rarely deploy so drastic a remedy, particularly where the movant is not under indictment. *See*, *e.g.*, *LeBouef v.*

*Global X-Ray*, 07-5755, 2008 WL 239752 (E.D. La. Jan. 29, 2008) (Barbier, J.) (denying motion to stay civil case); *Modern Am. Recycling Svcs., Inc. v. Dunavant*, 10-3153, 2012 WL 1357720 (E.D. La. Apr. 19, 2012) (Brown, J.) (same, noting that "it is difficult for a court to determine with certainty the degree of overlap between [the civil] action and the criminal investigation when no indictment has been handed down."); *Lodge v. Boyd*, 11-1257, 2011 WL 4727863 (E.D. La. Oct. 6, 2011) (Barbier, J.) (denying stay request in case arising from alleged sexual molestation by church pastor); *Zuppardo v. Service Cab Co., Inc.*, 16-1914, 2017 WL 877318 (E.D. La. Mar. 6, 2017) (denying movant's request to stay civil litigation pending outcome of criminal proceeding). "The burden to show that a stay is warranted rests on the movant[.]" *Dunavant*, 2012 WL 1357720, at *2.

In determining whether a civil action should be stayed due to a criminal matter, Courts within the Fifth Circuit have looked to six factors:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4. The private interests of and burden on the defendant;

5. The interests of the courts; and

6. The public interest.

*Dunavant*, 2012 WL 1357720, at *2.  Because each of these factors weighs against the issuance of a stay, and because the SBN Defendants would be prejudiced by a stay of these proceedings, Mr. Ryan's Motion should be denied.

A.   **Mr. Ryan has failed to demonstrate that there is substantial overlap between this case and the alleged criminal investigation.**

Mr. Ryan asserts that "[t]he conduct that is the subject of the pending criminal investigation is inextricably intertwined with plaintiff's [sic] and its claims, as well as defendant's defenses to such claims in this action."[10]  However, as Mr. Ryan has not even been indicted, and he cites to no record evidence in support of his assertion, it is impossible to determine whether there exist any overlapping issues at all between this litigation and Mr. Ryan's hypothetical future prosecution. As Judge Brown noted in *Dunavant*,

> [h]ere, because Dunavant has not yet been indicted, it is simply a matter of speculation whether the civil action and the pending criminal investigation overlap. Although Dunavant asserts that this matter "involves exactly the same conduct as that of the criminal investigation," he has not provided sufficient evidence from which this Court could come to that same conclusion.

2012 WL 1357720, at *3.  *See also Alcala*, 625 F. Supp. 2d at 401 ("Prior to an indictment, whether the issues will even overlap is a mere matter of speculation.") (citations omitted).  Similarly, here, Mr. Ryan has provided only his unsubstantiated hypothesis that there exist common issues between the grand jury investigation and this case.   His failure to carry his burden in this regard weighs strongly against granting the stay.

Furthermore, while Mr. Ryan asserts that "the plaintiff alleges that Ryan . . . *illegally* encouraged and assisted Academy in acquiring properties from FNBC[,]"[11] Plaintiffs have not actually articulated the violation of any criminal statutes.  Mr. Ryan, likewise, does not point to any criminal statute that might be implicated by Mr. Ryan's conduct as alleged by Plaintiffs.  There

---

[10]   Memo. in Support of Mot. to Stay [Doc. 24-1], at 5.

[11]   Memo. in Support of Mot. to Stay [Doc. 24-1], at 6 (emphasis added).

is simply no basis for Mr. Ryan's assertion that a nascent criminal investigation has anything to do with this case.

Because Mr. Ryan has failed to carry his burden in showing that there are overlapping issues between this litigation and a criminal prosecution, this factor weighs against the granting of a stay.

**B.**      **Status of the criminal case: Mr. Ryan has not been indicted, warranting the denial of the stay request.**

Mr. Ryan has not been indicted, and at this point it is unknown if he ever will be. "Indeed, a pre-indictment motion to stay can be denied on this ground alone." *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009) (citing *Citibank, N.A. v. Hakim*, 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993)).   He "anticipates" that he "will be questioned in connection with the grand jury investigation[.]"[12]   However, Mr. Ryan's assertion in this regard is pure speculation, and, even if this were true, district courts do not stay civil actions against individuals merely because they might be grand jury witnesses.  Because Mr. Ryan has not been charged with any criminal conduct, and the details of any forthcoming criminal prosecution are speculative, at best, this factor weighs against the granting of a stay.

**C.**      **SBN and Plaintiffs will be substantially harmed if the stay request is granted.**

This case is not the only pending litigation between Plaintiffs and SBN.  SBN is itself a plaintiff in a debt collection lawsuit currently pending against Plaintiffs and Plaintiffs' affiliate, 2325 North Hullen Properties, LLC, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (the "State Court Lawsuit").  Mr. Ryan is not a party to the State Court Lawsuit. Nevertheless, Plaintiffs have filed a motion to stay and exception of *lis pendens* in the State Court

---

[12]      *Id.* at 6.

Lawsuit, requesting that the Louisiana district court stay the State Court Lawsuit pending the resolution of the Federal Lawsuit.[13]  If this Court stays this case as a result of Mr. Ryan's alleged criminal activities, and the state court stays the State Court Lawsuit because of the pending Federal Lawsuit, SBN will be unjustly precluded from asserting its legal, contractual, and constitutional rights against Plaintiffs in either tribunal.

It should further be noted that Plaintiffs do not allege that the SBN Defendants engaged in any acts or omissions beyond legally purchasing one or more negotiable instruments from the federal government.  Plaintiffs and the SBN Defendants had no preexisting relationship at all prior to the SBN Defendants' purchase of several of Plaintiffs' loans from the FDIC.  As a matter of law and a matter of equity, the SBN Defendants should not have their hands tied in both tribunals. SBN avers that the third factor—the private interests of plaintiffs—must take into account SBN's status as a plaintiff in the State Court Lawsuit, as well as the fact that the issuance of a stay may effectively deny SBN its right of access to the Courts.  There is no justification for depriving SBN of its right to prosecute its claims against Plaintiffs—parties who are neither under indictment nor parties to any criminal proceeding.  Additionally, Plaintiffs themselves have an interest in seeing their claims promptly adjudicated.  This factor weighs against the granting of a stay.

### D.  Burden on the defendant: the Fifth Amendment adequately protects Mr. Ryan's concerns regarding self-incrimination.[14]

Mr. Ryan states that, "[a]t the core of [his Motion to Stay] are Ryan's fundamental constitutional rights against self-incrimination guaranteed under the Fifth Amendment to the

---

[13]     *See **Exhibit A***, Exception of Lis Pendens and, in the Alternative, Motion to Stay, filed by Plaintiffs and 2325 Hullen Properties, LLC in the State Court Lawsuit, dated February 25, 2019.

[14]     As SBN is a plaintiff in the State Court Lawsuit, and also a defendant in the Federal Lawsuit, SBN adopts and incorporates by reference Section II(C), *infra*, herein.

United States Constitution."[15]  Ryan asserts that if the stay is not granted, "Ryan will be forced to choose between exercising his rights under the Fifth Amendment and exposing himself to the plaintiffs' contention that the failure to testify in a deposition or at trial constitutes an adverse inference against him and in favor of plaintiffs."[16]

Mr. Ryan's contention in this regard is, with respect, meritless for several reasons.  First, it is well-established that "it is not unconstitutional to force a defendant to choose between the negative inferences drawn from his silence and his Fifth Amendment privilege." *Dunavant*, 2012 WL 1357720, at *5.  Contrary to Mr. Ryan's assertions, Mr. Ryan is not being asked to "sacrifice his constitutional safeguards in order to defend against a civil lawsuit[;]"[17] rather, he is expressly permitted by the Constitution to invoke his Fifth Amendment rights if and when it becomes necessary for him to do so.

Second, even if the criminal investigation concluded tomorrow, Mr. Ryan would still have the same Fifth Amendment concerns at any forthcoming deposition and/or at the trial of this matter. Plaintiffs may or may not ask Mr. Ryan questions in discovery that he feels warrants the assertion of his Fifth Amendment right against self-incrimination.  This is true regardless of whether there exist any parallel criminal proceedings.  Staying this case would not cure these concerns; it would only needlessly result in delay.

Third, courts have repeatedly rejected the very argument asserted by Mr. Ryan in rejecting other litigants' motions to stay under similar circumstances.  In *Alcala v. Texas Webb County*, for instance, the Court noted that, one reason that a stay is considered an extraordinary remedy is

---

[15]     Memo. in Support of Mot. to Stay [Doc. 24-1], at 3.

[16]     *Id.*

[17]     *Id.* at 3.

because

> a complete stay is tantamount to a defendant's "blanket assertion" of the Fifth Amendment, which is itself improper. *SEC v. Incendy,* 936 F.Supp. 952, 957 (S.D.Fla.1996); *see United States v. Little Al,* 712 F.2d 133, 134–136 (5th Cir.1983); *see also First Financial,* 659 F.2d at 668–69; *see also United States v. Goodwin,* 625 F.2d 693, 701 (5th Cir.1980). Generally, a party is required to selectively invoke the privilege against self-incrimination and object with specificity to the information sought from him. *First Financial,* 659 F.2d at 668. This allows a district court to conduct a particularized inquiry, deciding in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded. *Id.* (quoting *United States v. Melchor Moreno,* 536 F.2d 1042, 1049 (5th Cir.1976)) (quotation marks omitted). Whether a party is entitled to the protection of the privilege is for the court to decide, not the invoking party. *Id.*

625 F. Supp. 2d at 397.

Fourth, "one asserting prejudice to his Fifth Amendment rights must demonstrate 'more than the mere possibility of prejudice.  Instead, the movant must 'make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient.'" *Dunavant*, 2012 WL 1357720, at *4.  Mr. Ryan has failed to carry his burden in this regard.

A stay of this case will not cure Mr. Ryan's concerns regarding criminal exposure in civil discovery, and Mr. Ryan is free to invoke his Fifth Amendment privilege during any questioning in this matter.  If the parties feel that Mr. Ryan has improperly invoked that privilege, the Court may adjudicate any issues regarding the scope and breadth of the privilege.

Mr. Ryan argues that, without his testimony, the SBN Defendants "would be left with no way to defend themselves at all."[18]  That is incorrect, both because (1) the SBN Defendants are not alleged to have engaged in any act other than legally buying assets from the United States government, and (2) the SBN Defendants have legally meritorious defenses to Plaintiffs' claims, as set forth in SBN's previously filed Motion to Dismiss [Doc. 22].  Nevertheless, because Mr.

---

[18]     Memo. in Support of Mot. to Stay [Doc. 24-1], at 8.

Ryan's Fifth Amendment rights will be neither harmed nor diminished by permitting this case to proceed, this factor weighs against the granting of a stay.

      **E.**      <u>**The Court has an interest in the swift and efficient administration of justice.**</u>

"[C]ourts have an interest in moving cases forward expeditiously."  *Dunavant*, 2012 WL 1357720, at *5 (citation omitted). "[B]efore granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration."  *Dunavant*, 2012 WL 1357720, at *5 (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).  Here, however, Mr. Ryan's request for a stay is for an indefinite duration and his motion sets forth no timetable for any criminal proceeding.

Mr. Ryan argues that "[t]he pending grand jury investigation may contribute to the more efficient preparation of this civil case."[19]  Because there has been no criminal indictment, there no way of knowing whether or not there is even any overlap between the civil litigation and the criminal investigation, let alone whether the issues attendant to the two matters would be so similar as to streamline the trial preparation process.  Also, neither Plaintiffs nor the SBN Defendants are parties to any criminal matter involving Mr. Ryan; they do not have the ability to protect their interests in any criminal proceeding involving Mr. Ryan, nor will they be able to participate in discovery.  It cannot reasonably be said that the issuance of a stay will somehow quicken the pace of this case.  The interests of the Court are best served by promptly and expeditiously adjudicating this case.  This factor weighs against granting the stay.

---

[19]     *Id.* at 8.

**F.**   **The public interest will be best served by the prompt resolution of this case.**

There are unique public interest considerations attendant to this case specifically due to the nature of the FDIC-receivership process.   When the FDIC takes over a failed financial institution, it markets and sells the various loans and other assets of the failed institution to third parties, who then take over the loan servicing obligations of the failed institution.   When borrowers default on such loans, the financial institutions that purchase these assets, like any bank, enforce their legal and contractual rights against obligors under the loan documents by asserting them in state and federal court.   As is the case with FNBC, bank failures are often the subject of much civil and criminal litigation, investigation, and post-failure scrutiny.   If borrowers and guarantors are able to stay judicial proceedings merely by pointing to this post-failure investigative activity, it would substantially devalue the assets being marketed and sold by the FDIC, to the detriment of the federal government, the public, and the financial system as a whole.

Moreover, as a general rule, "the public has an interest in the prompt resolution of civil cases." *Dunavant*, 2012 WL 1357720, at *6.   That interest will not be served by staying this proceeding.   This factor weighs against the issuance of a stay.

## III.   Conclusion

If the Court stays this case, SBN could be unjustly precluded from adjudicating its claims against Plaintiffs, and resolving Plaintiffs' claims against the SBN Defendants, even though neither Plaintiffs nor the SBN Defendants are the subjects of any criminal proceeding.   The equities strongly favor the denial of Mr. Ryan's motion, particularly because he requests a stay of an unlimited duration, despite the fact that he has not even been indicted.

Because Mr. Ryan has failed to carry his burden of demonstrating his entitlement to the extraordinary relief he requests, the SBN Defendants respectfully request that this Court deny Mr.

Ryan's Motion to Stay, in its entirety.  In the alternative, the SBN Defendants request that the Court defer ruling on Mr. Ryan's Motion at least until the Court has ruled on SBN's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim [Doc. 22].

> Respectfully submitted:
>
> CARVER DARDEN KORETZKY TESSIER
> FINN BLOSSMAN & AREAUX, LLC
>
>   /s/ Peter J. Segrist
> David F. Waguespack (#21121)
> Peter J. Segrist (#35314)
> 1100 Poydras Street, Suite 3100
> New Orleans, Louisiana  70163-1102
> Telephone:  (504) 585-3800
> Facsimile:   (504) 585-3801
> waguespack@carverdarden.com
> segrist@carverdarden.com
>
> *Attorneys for SBN V FNBC LLC and*
> *Summit Investment Management, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon all counsel of record via this Court's CM/ECF system, on this 9th day of April, 2019.

>   /s/ Peter J. Segrist
> PETER J. SEGRIST

4832-0865-0642, v. 2