IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ACADEMY PLACE, LLC et al | ) | Civil Action No.: **NO. 18-10881** |
| | ) | |
| | ) | SECTION E (3) |
| Versus | ) | |
| | ) | |
| | ) | |
| FIRST NBC BANK et al | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Academy Place, LLC, Patrick Bossetta and Jean Bossetta, who respectfully request that this Court remand this matter again to the Civil District Court for the Parish of Orleans, State of Louisiana.

**FACTS AND PROCEDURAL HISTORY**

Plainitffs, Academy Place, LLC, Patrick and Jean Bosstta, all with citizenship in Louisiana, filed suit in Civil District Court on October 15, 2018 versus First NBC Bank, Summit Investment Management, LLC ("Summit"), SBN V FNBC, LLC, The Federal Deposit Insurance Corporation ("FDIC-R"), as receiver for First NBC Bank, Ashton Ryan ("Ryan") and Greg St. Angelo, ("St. Angelo") as result of several fraudulent loans made by First NBC Bank, Ryan and St. Angelo and now owned by Summit Investment Management and SBN V FNBC, LLC. The causes of action were rooted in state law fraud claims and the Louisiana Unfair Trade Practices Act. The petition alleges that defendants St. Angelo and Ryan are residents of the state of Louisiana.

Removal to this court was requested by the FDIC-R on November 13, 2018. The FDIC-R has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811 et seq. A 90 day stay was requested by the FDIC and March 17, 2019, Plainitffs and Defendant, FDIC-R,

agreed to a joint dismissal.

With the FDIC-R dismissed as a defendant, this Honorable Court should decline to exercise jurisdiction and thus remand the case back to the Civil District Court for the Parish of Orleans.

## **LAW AND ARGUMENT**

The removal statute is to be construed narrowly and in favor of remand to state court. *Breaux v. Gulf Stream Coach, Inc.*, Civ. Act. No. 08-893, 2009 WL 152109 (E.D. La. Jan. 21, 2009). "The

removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper." *Id.* "Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party." *Id.*

"A party invoking the removal jurisdiction of the federal courts bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). "If the right to remove is doubtful, the case should be remanded." *Berthelot*, 2006 WL 1984661 at *6. This very Court in this same case has already held that all ambiguities concerning removal should be construed against removal:

> When considering a motion to remand, the removing party bears the burden of showing that removal was proper. This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the procedural requirements of the removal statute. Because removal jurisdiction "raises significant federalism concerns," **courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court**." **If there is any doubt that a right to removal exists, ambiguities are to be construed against removal**.

*Mendoza*, No. CIV.A. 11-3040, 2012 WL 2049525, at *4 (emphasis added) (citations omitted). The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005). A district court can remand a case for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c).

The sole basis for subject matter jurisdiction alleged is the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811 et seq. Specifically, 12 U. S.C. § 1819(b)(2)(B) provides in pertinent part:

> "Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceedings from a State court to the appropriate United States District court before the end of the 90-day period beginning on the date of the action, suit, or proceedings is filed against the Corporation or the Corporation is substituted as a party."

Under the plain language of § 1819(b)(2), a district court does not have subject matter jurisdiction over a case until the FDIC is a party. The statute states that it is not until the FDIC becomes a party that the case arises under "the laws of the United States" and gives a district court jurisdiction. 18 U.S.C. § 1819(b)(2)(A); see also 28 U.S.C. § 1331 (stating "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States"). Moreover, Congress made clear that § 1819(b)(2) refers to subject matter jurisdiction when it titled § 1819(b)(2) "federal court jurisdiction."

At this point, the FDIC is no longer a party to this lawsuit. Federal jurisdiction does persist even though the FDIC is subsequently dismissed' from an action *Adair v. Amerus Leasing, Inc.*, 566 F.Supp.2d 518 (S.D. Miss., 2008). There is no merit to the suggestion that the court cannot remand solely because there was federal jurisdiction at the time of removal. Unquestionably there was jurisdiction at the time of removal based on the FDIC's presence in the suit; and that jurisdiction continues despite dismissal of the FDIC. However, the fact that the court may continue to exercise jurisdiction does not mean that it should do so. *Adair* at 520.

In *Carnegie-Mellon*, the defendants had properly removed a case involving federal and state law claims. The federal claims were subsequently dismissed. The issue was whether the district court could, in the absence of statutory authority, remand the case to state court. The Supreme Court concluded that "when a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The Court in *Carnegie-Mellon* made clear that its holding would not be applicable to a case where, for example, the district court had diversity jurisdiction, because the exercise of diversity jurisdiction

is not discretionary. Id. at 356, 108 S.Ct. at 622.

The District Court should decline to exercise its jurisdiction and remand the case to the Civil District Court for the Parish of Orleans. There is no diversity of citizenship and the claims against the defendants are based on state law. The presence of the FDIC-R in the lawsuit is what allowed for removal. Now, that the FDIC-R has been dismissed from the lawsuit, it is difficult to see how a federal interest governs a case based on state law claims of fraud and unfair trade practices.

## CONCLUSION

In this case, the FDIC-R, the removing party has been dismissed from the litigation. There is no diversity of citizenship and the claims are rooted in state law. There is no longer a federal question. As such, Plaintiffs ask this Court to remand the case back to the Civil District Court for the Parish of Orleans, due to the lack of subject matter jurisdiction.

Respectfully Submitted:

*/s/ Craig J. Mordock*
Craig J. Mordock (LSBA #27014)
7611 Maple Street, Suite A3
New Orleans, LA 70118
504-304-2335
Fax: 504-342-2154

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 2, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who have registered to receive electronic service.

*/s/ Craig J. Mordock*
CRAIG J. MORODCK