# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ACADEMY PLACE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-10881** |
| **ASHTON J. RYAN, JR., ET AL.** | **SECTION "D"(3)** |

## ORDER AND REASONS

Before the Court is Ashton Ryan's Motion to Stay Action.[1] The Motion is opposed[2] and Ryan has filed a Reply.[3]

After careful consideration of the parties' memoranda as well as the applicable law, Ryan's Motion to Stay[4] is **GRANTED**, and this matter is **STAYED in its entirety** until resolution of the related criminal proceedings.[5]

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this case are set forth in great detail in the Court's August 22, 2019 Order and Reasons[6] and, for the sake of brevity, will not be repeated here. As it pertains to the instant Motion, on March 20, 2019, SBN V FNBC LLC and Summit Investment Management, LLC (collectively, the "SBN

---

[1] R. Doc. 24.
[2] R. Doc. 28.
[3] R. Doc. 35.
[4] R. Doc. 24.
[5] *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
[6] R. Doc. 47.

Defendants") moved to dismiss Plaintiffs' claims against them.[7] Later that day, Ryan filed the instant Motion, seeking to stay the action in its entirety due to a pending grand jury investigation of First NBC Bank Holding Company d/b/a First NBC Bank ("First NBC Bank") and Ryan's activities while President and Chief Executive Officer of First NBC Bank.[8]

The Court takes judicial notice of the fact that there is an ongoing criminal proceeding against St. Angelo, which is pending before this Court.[9] St. Angelo has been charged by way of Bill of Information with Conspiracy to Commit Bank Fraud.[10] The charge was filed mere days after Ryan moved to stay the instant action. The Court notes that the concurrent criminal proceedings against St. Angelo, and others, and the potential criminal investigation of Ryan and others in this action, extend like tentacles, interlocking several matters before this Court.

## II.  LEGAL STANDARD AND ANALYSIS

Whether to stay a civil action pending resolution of a parallel criminal prosecution is within the Court's discretion, which should be exercised when the

---

[7] *See* R. Doc. 22.
[8] R. Doc. 24.
[9] Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice. *See Duncan v. Heinrich*, 591 B. R. 652, 655 n. 2 (M.D. La. 2018) (citing FED. R. EVID. 201); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F. 3d 243, 248 n. 8 (5th Cir. 2017) (taking judicial notice, pursuant to FED. R. EVID. 201 of ongoing criminal proceedings); *Ferguson v. Extraco Mortg. Co.*, 264 Fed. App'x. 351, 352 (5th Cir. 2007) ("Federal Rule of Evidence 201 allows a court to take judicial notice of an 'adjudicative fact' if the fact is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned. A court may take judicial notice of 'a document filed in another court . . . to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable. Under Rule 201, judicial notice is discretionary by the district court, unless it is requested by a party and the court is supplied with the necessary information." (internal citations omitted)).
[10] *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).

interests of justice so require.[11] The burden rests on the movant to show that special circumstances exist that warrant a stay.[12] Courts within the Fifth Circuit consider the following six factors to determine whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[13]

As to the first factor, Ryan has clearly established a concurrent, ongoing criminal investigation, the facts of which appear to overlap with those of the instant case.[14] St. Angelo has pled guilty to one count of Conspiracy to Commit Bank Fraud as a result of this criminal investigation.[15] Additionally, the Bill of Information filed

---

[11] *United States v. Kordel,* 397 U.S. 1, n. 27 (1970) (stating that "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution[.]"). *See Dominguez v. Hartford Fin. Servs. Group, Inc.,* 530 F. Supp. 2d 902, 905 (S. D. Tex. 2008) (" A district court's power to stay proceedings also encompasses the authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require. . . . Although a district court has wide discretion to stay proceedings, its power is not unbounded. . . . A court must weigh the competing interests when exercising its discretion to issue a stay.").

[12] *Sec. & Exch. Comm'n v. First Financial,* 659 F.2d 660, 668 (5th Cir. 1981) ("In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice" (citing *Kordel,* 397 U.S. at 11–13; *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1377 (D. C. Cir. 1980)).

[13] *See e.g. Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 398-399 (S. D. Tex. 2009); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* 2015 WL 893447, at *9 (E.D. La. March 2, 2015); *Dolan v. Parish of St. Tammany*, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).

[14] *See* R. Doc. 24-1, p. 2 ("The United States Attorney's Office for the Eastern District of Louisiana is conducting a pending, ongoing and active grand jury investigation of FNBC and the activities of Ryan while President and CEO of the bank. The federal grand jury is examining activities of the FNBC and Ryan, including the kind of practices that have been alleged in the Petition filed herein.").

[15] *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.) (R. Doc. 25).

against St. Angelo in that case details facts that clearly relate to the dealings and subsequent closing of First NBC Bank.[16] The Bill of Information alleges that the purpose of the conspiracy was "for the defendant, ST. ANGELO, Bank President A, Bank Officer B, and others to enrich themselves unjustly by disguising the true financial status of ST. ANGELO, the Entities, and other borrowers, concealing the accurate performance of loans, and misrepresenting the nature of payments to ST. ANGELO and certain Entities."[17] That Bill of Information further alleges that "ST. ANGELO, Bank President A, Bank Officer B, and others provided First NBC Bank with materially false and fraudulent documents and personal financial statements[.]"[18] The Court finds that significant factual issues in the pending criminal case and pending criminal investigations appear to overlap with those presented in the instant case, which weighs in favor of granting Ryan's Motion to Stay.

The second factor, the status of the criminal case, also weighs in favor of granting a stay. Although St. Angelo has entered a guilty plea in his criminal case, the Court is unaware of any pending criminal charges against Ryan at this time. However, the Bill of Information filed against St. Angelo, as detailed above, indicates that others, including the unidentified Bank President A and Bank Officer B, may have committed criminal acts.[19] In the instant Motion, Ryan asserts that there is a

---

[16] *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.), R. Doc. 1.
[17] *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.), R. Doc. 1, p. 4.
[18] *Id.*
[19] *See* 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.), R. Doc. 1.

pending grand jury investigation against him concerning his activities as President and CEO of First NBC Bank, and that "the federal jury investigation is quite active."[20] Ryan argues that staying this matter prevents the risk that he would expose his criminal defense strategy in the civil discovery process.[21] The Court finds the same reasoning applicable to St. Angelo. Based on those facts, Ryan and St. Angelo have a real and appreciable risk of self-incrimination by proceeding with discovery in this case. Given that "the 'strongest case' for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter,"[22] the Court finds that the second factor weighs in favor of granting Ryan's Motion to Stay.

The third factor that the Court must consider is the private interests of the plaintiff in proceeding expeditiously as weighed against the prejudice to the plaintiff caused by delaying the case. Plaintiffs did not file a response in opposition to Ryan's Motion to Stay. The only opposition to the Motion was filed by Defendants SBN V FNBC LLC and Summit Investment Management, LLC, who have since been dismissed from the matter.[23] Additionally, the Court recognizes that criminal defendants are entitled by law to a speedy trial.[24] If the criminal investigations result in further indictments, the Court would expect the matters to be resolved expeditiously. As such, the third factor also weighs in favor of granting Ryan's Motion to Stay.

---

[20] R. Doc. 24-1, pp. 6-7.
[21] R. Doc. 24-1, p. 7.
[22] *Alcala v. Texas Webb Cnty.,* 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009)(citing *Lizarraga v. City of Nogales Ariz.*, 2007 WL 215616, at *3 (D. Ariz., Jan. 24, 2007)).
[23] *See* R. Doc. 47.
[24] *See* 18 U.S.C. §§ 3161-3174.

The fourth factor, the private interests of and burden on the defendant in granting a stay, weighs significantly in favor of granting a stay. St. Angelo has been charged with, and has pled guilty to, the crime of Conspiracy to Commit Bank Fraud, the facts of which appear to overlap with the facts in this action. St. Angelo is currently awaiting sentencing. It is likely that the defendants in the instant case, or others, may face discovery requests that trigger a claim of Fifth Amendment privilege, thus hampering and/or preventing the resolution of this civil case.[25]

Under the fifth factor, the Court considers its own interest in ensuring that justice is done in an efficient and expeditious manner. Undoubtedly, a stay in this matter will delay the case. Nonetheless, the Court has a significant interest in seeing that justice is done in an efficient manner without trampling the constitutional rights of the litigants. As detailed above, allowing this matter to proceed at this time, despite the ongoing criminal proceeding and criminal investigations, may only cause further delay. Moreover, there exists a real likelihood that discovery will be contentious, with defendants invoking their Fifth Amendment privilege. Although the Court has a strong interest in seeing that this matter is heard and resolved expeditiously, it has an equally strong interest in safeguarding the rights of all parties.

With respect to the sixth factor, the public interest, the public has a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters. The public also has a strong interest in allowing law enforcement officials to perform their jobs,

---

[25] *See* R. Doc. 24-1, pp. 7-8.

uncover evidence of criminal activity, and bring those persons responsible for criminal activity to justice. The collapse of First NBC Bank was a highly-publicized event. While the public has an interest in seeing the resolution of civil matters that may have resulted from the bank's collapse, the public has an even stronger interest in seeing that anyone criminally responsible be held accountable for those actions.

### III. CONCLUSION

Taking into consideration the seriousness of granting a stay, and having considered the memoranda and law, including a detailed analysis of the six factors set forth above, the Court believes that a stay is warranted in this case.

Accordingly,

**IT IS ORDERED** that Ryan's Motion to Stay Civil Proceeding[26] is **GRANTED** and this matter is **STAYED** in its entirety until the related criminal proceeding(s) and investigations are completed.

**IT IS FURTHER ORDERED** that all motions pending before the undersigned and United States Magistrate Judge Dana M. Douglas are **DISMISSED WITHOUT PREJUDICE**, reserving to the parties the right to re-urge any motion when the matter is re-opened.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from the Court. The Court shall retain jurisdiction and the case shall be restored to

---

[26] R. Doc. 24.

the trial docket upon motion of a party if circumstances change, so that Plaintiffs' claims may be heard to final disposition.

New Orleans, Louisiana this 22nd day of August, 2019.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**